1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD ADAMS,

11              Plaintiff,                    No. CIV S-07-1878 JAM KJM P

12        vs.

13   P. CAREY, et al.,                        ORDER AND

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  He alleges that defendants Yoldi, Cho, Short, Leiber, Wheeler, Curren,

18   Mayfield and Porter refused to implement an order for transfer issued by his treating psychiatrist.

19   Plaintiff has filed a motion for the entry of default judgment; a motion for an order directing

20   prison officials to stop interfering with his access to the court; a motion to file a supplemental

21   complaint; and a motion for a temporary restraining order and preliminary injunction.

22   I.  Motion For A Default Judgment (Docket No. 20)

23              Waivers of service were sent to most of the defendants on February 8, 2008; some

24   were sent later.  See Docket Nos. 9, 10, 11, 13.  These waivers notified defendants of their

25   obligation to file an answer or motion within sixty days of the date the waivers were sent.  Id.;

26   see also Fed. R. Civ. P. 4(d)(1)(F).  Defendants filed a motion to revoke plaintiff's in forma

1

1   pauperis status on April 4, 2008, within the time limit established by the waivers.  There is no

2   basis for the entry of default judgment.

3   II.  <u>Motion To File A Supplemental Complaint</u> (Docket No. 21)

4          Plaintiff has filed a one page supplemental complaint, asking only that the court

5   grant his motion as to "events by the defendants have occur" (<u>sic</u>).

6          Under Federal Rule of Civil Procedure 15(d), a party may seek leave of court to

7   file a supplemental complaint containing claims that accrued after the initial complaint was filed.

8   <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 382 (9th Cir. 1998).  In this case, however,

9   the court cannot determine whether plaintiff's proposed supplement would be appropriate

10  because he has not provided any information suggesting what additional events he would add.

11  Moreover, in light of the pending motion to dismiss–based on the claim that plaintiff has "struck

12  out" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) -- the court

13  declines to consider any proposed supplement.

14  III.  <u>Access To The Court; Request For A Restraining Order</u> (Docket Nos. 22, 19)

15         The legal principles applicable to a request for preliminary injunctive relief are

16  well established.  "The traditional equitable criteria for granting preliminary injunctive relief are

17  (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to

18  plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff,

19  and (4) advancement of the public interest (in certain cases)."  <u>Dollar Rent A Car v. Travelers</u>

20  <u>Indem. Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as

21  alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party

22  demonstrates '<u>either</u> a combination of probable success on the merits and the possibility of

23  irreparable injury <u>or</u> that serious questions are raised and the balance of hardships tips sharply in

24  his favor.'"  <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting

25  <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir.

26  /////

1   1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the

2   probability of success on the merits is low, preliminary injunctive relief should be denied:

3           Martin explicitly teaches that "[u]nder this last part of the
            alternative test, even if the balance of hardships tips decidedly in
4           favor of the moving party, it must be shown as an irreducible
            minimum that there is a fair chance of success on the merits."

5

6   Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

7   Martin, 740 F.2d at 675).

8                   A.  Access To The Courts (Docket No. 22)

9           Plaintiff alleges that defendant Lieber and other prison officials have begun to

10  enforce a policy which prevents him from bringing his legal papers to the law library.  He alleges

11  that this will impede his ability to litigate this case as well as the other cases he has pending in

12  federal court.  He has not alleged, however, that he has missed any deadlines or has been unable

13  to file pleadings necessary to this litigation, which is the only concern properly before this court.

14  Accordingly, he has not shown the possibility of an irreparable injury.

15                  B.  Request For TRO (Docket No. 19)

16          Plaintiff outlines a series of events which, he believes, have been undertaken in

17  retaliation for his filing of this lawsuit and asks the court to intervene by directing a new

18  classification committee hearing to be held and a transfer to another prison.

19                  In Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994), the inmate plaintiff sought

20  an injunction preventing the defendants from filing false disciplinary charges and taking other

21  actions in retaliation for the underlying lawsuit, in which plaintiff challenged his medical care.

22  /////

23  /////

24  /////

25  /////

26  /////

The Court of Appeal observed:

> [A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.  It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision making power. . . . Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

Id. (citations omitted); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997); Lebron v. Armstrong, 289 F.Supp.2d 56, 61 (D. Conn. 2003).  If this showing of relationship is not made, the court should not consider the factors for the issuance of preliminary relief.  In re Microsoft Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003).  Plaintiff is not entitled to injunctive relief.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's motion for the entry of a default judgment (docket no. 20) is denied;

2.  Plaintiff's motion for a temporary restraining order (docket no. 19) is denied;

3.  Plaintiff's motion for an order directing defendants to change their law library policies (docket no. 22) is denied; and

4.  Plaintiff's motion to supplement his complaint (docket no. 21) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's request for the issuance of a preliminary injunction (docket no. 22) be denied; and

2.  To the extent that plaintiff's request for an order directing modifications in the law library policy is deemed a request for injunctive relief (docket no. 22), it also be denied.

/////
/////
/////
/////

1        These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3 days after being served with these findings and recommendations, plaintiff may file written

4 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

7 F.2d 1153 (9th Cir. 1991).

8 DATED:  October 7, 2008.

9 _____

    U.S. MAGISTRATE JUDGE

12 2

13 adam1878.56

5