IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS,

    Plaintiff,                          No. CIV S-07-1878 JAM KJM P

    vs.

P. CAREY, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

         Plaintiff, who lists his CDC number as P-65157, is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to honor a medical chrono recommending a transfer to an institution close to his family for mental health reasons and failed to provide him proper mental health treatment. Defendants have moved to dismiss, alleging that plaintiff has three "strikes" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Plaintiff opposes the motion. Defendants have not filed a reply.

         The "three strikes" provision of the PLRA empowers a court to deny in forma pauperis status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory"

1

or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

When defendants challenge a plaintiff's in forma pauperis status, they bear the initial burden of production:

> [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim." . . . [T]he defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim."

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Once defendants have met this initial burden, it becomes the prisoner plaintiff's burden to explain why a prior dismissal should not count as a strike. It is plaintiff's "ultimate burden" to persuade the court that § 1915(g) does not apply. Id.

Defendants allege that plaintiff has suffered strikes in the following cases: Adams v. Marshall, No. 91-4224 RFP (N.D. Cal. 1991), Adams v. Rowland, No. 91-4090 RFP (N.D. Cal. 1991), Adams v. Community Credit Union, et al., No. 04-00211 DT SGL (C.D. Cal. 2004) and Adams v. Community Credit Union, et al., No. 05-55909 (9th Cir. 2005).

In support of this claim, they have offered a number of exhibits. The first is a PACER print-out of cases filed by Ronald Adams. Motion to Dismiss (MTD), Ex. A. The second is a docket from Adams v. Marshall, Civ. No. 91-4224 RFP, which includes the entry: "ORDER by Senior Judge Robert F. Peckham dismissing plaintiff's complaint with prejudice for failure to state a claim." MTD, Ex. B (text entry at Docket No. 7). The docket lists the plaintiff as Ronald Lee Adams, CDC No. C-43417; in a footnote counsel claims that "Plaintiff, Ronald Adams, served a prior commitment with the California Department of Corrections and

1 Rehabilitation under CDCR # C-43417." MTD at 1 n.1. The third exhibit is an order in <u>Adams v. Rowland</u>, No. 91-4090 RFP, dismissing the action because "the facts asserted in Plaintiff's complaint only implicate the negligence of the prison officials. . . ." MTD, Ex. C at 3. The fourth exhibit is an order in <u>Adams v. Community Credit Union, et al.</u>, No. CV 04-211 DT SGL, again dismissing the action because the complaint "fails to show that defendants' act in repossessing his car involved any state action" and so the "Section 1983 claim is barred." MTD, Ex. D at 1. The final exhibit is a judgment affirming the dismissal in <u>Adams v. Community Credit Union, et al</u>. MTD, Ex. E.

These exhibits are not sufficient to satisfy the defendants' initial burden of production. First, there is nothing in Exhibit B connecting Ronald Adams, C-43417, with Ronald Adams, P-65157, apart from the less-than-unique first name; defendants have not supported their claim that plaintiff was assigned a new CDC number upon a later imprisonment. Second, Exhibit E consists only of the judgment of the Court of Appeals affirming the dismissal. Because defendants have not presented a copy of the Court of Appeals' memorandum explaining its reasons for the dismissal, they have not shown that the appeal itself was found to have been frivolous or malicious. <u>Andrews</u>, 398 F.3d at 1121.

IT IS THEREFORE RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status (docket no. 12) be denied without prejudice.

/////
/////
/////
/////
/////
/////
/////
/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 5, 2009.

_____
U.S. MAGISTRATE JUDGE

2
adam1878.57