IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ADAMS,

    Plaintiff,                         No. CIV S-07-1878 JAM KJM P

    vs.

P. CAREY, et al.,

    Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>

        Plaintiff, whose current CDCR number is P-65157, is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to revoke plaintiff's in forma pauperis status and to require the pre-payment of the filing fee. A motion to dismiss on the same grounds was denied without prejudice.

I. <u>The PLRA "Three Strikes" Provisions</u>

        The "three strikes" provision of the Prison Litigation Reform Act (PLRA) empowers a court to deny in forma pauperis status to a litigant who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). An action meets this standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless. Examples of the former class are claims against which it is clear the defendants are immune from

1

1  suit and claims of infringement of a legal interest which clearly does not exist." Neitzke v.

2  Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).

3  When defendants challenge a plaintiff's in forma pauperis status, they bear the

4  initial burden of production:

> [T]he defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious, or fail[ed] to state a claim." . . . [T]he defendants may not simply rest on the fact of dismissal.  Rather, the defendants must produce court records or other documentation that will allow the district court to determine because it was "frivolous, malicious or fail[ed] to state a claim."

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

Once defendants have met this initial burden, it becomes the plaintiff's burden to explain why a prior dismissal should not count as a strike.  It is plaintiff's "ultimate burden" to persuade the court that § 1915(g) does not apply.  Id.

II.  Plaintiff's Litigation History

Defendants have offered a print-out from the court's PACER system showing that a Ronald Adams, also known as Ronald L. Adams and Ronald Lee Adams, has filed twenty actions in the district courts.  Defs.' Mot. To Revoke (MTR), Ex. B.  They argue that the following cases constitute strikes:

A.  Adams v. Marshall, 91-cv-04224 RFP (N.D. Cal.)

Defendants have provided a docket from the Northern District showing that Ronald Adams, CDC # C-43417, filed a civil rights action against three defendants and that this action was dismissed with prejudice for failure to state a claim.  MTR, Ex. C.  They have also submitted the declaration of J. Rodriguez, the Chief of Correctional Case Records Services, who explains that when a paroled inmate successfully completes his parole, his CDCR number is closed out and then if that same person is recommitted, he is given a new CDCR number. Declaration of J. Rodriguez (Rodriguez Decl.) ¶¶ 1, 6.  These numbers are cross-referenced in the

2

1 Offender Based Information System (OBIS).  <u>Id</u>. ¶¶ 3, 7.  Rodriguez identifies two print-outs
2 from OBIS as showing that Ronald Adams, C-43417, is the same as Ronald Adams, P-65157.
3 The court has examined both print-outs, which show not only a congruence of the offender's
4 name, but also date and place of birth and CII (criminal information index) number.  The court is
5 satisfied that <u>Adams v. Marshall</u>, filed by plaintiff under CDCR number C-43417, was filed by
6 the same plaintiff in this action.

7 Plaintiff argues that the court should not consider this action as a strike because
8 there is no "declaration of the court clerk.  There is no sign [<u>sic</u>] court order by Senior Judge
9 Robert F. Peckham" and because there is no proof that the docket itself is authentic.  Opposition
10 (Opp'n) at 9.

11 A court may take judicial notice of "proceedings in other courts, both within and
12 without the federal judicial system, if those proceedings have a direct relation to matters at
13 issue."  <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc</u>., 971 F.2d 244,
14 248 (9th Cir. 1992).  Judicial notice is proper only if the record is "capable of accurate and ready
15 determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R.
16 Evid. 201(b)(2).  The accuracy of the record of the <u>Marshall</u> case "cannot reasonably be
17 questioned" as it may be checked by accessing the PACER system of federal court records.

18 Additionally, public records or reports are self-authenticating.  Fed. R. Evid.
19 902(5).  In <u>Williams v. Long</u>, 585 F.Supp.2d 679 (D. Md. 2008), the court considered the
20 question whether documents printed from a website maintained by a public authority were
21 similarly self-authenticating.  The court concluded that a printout "containing the 'internet
22 domain address' and the 'date on which it was printed'" was sufficiently authenticated to fall
23 within this rule and found that a page printed from the Maryland Judiciary Case Search website
24 was sufficiently identified so as to be self-authenticating.  <u>Id</u>. at 688-89.  In this case, defendants'
25 Exhibit C has the URL and the date accessed printed along the bottom of the document,
26 sufficient authentication to bring it within Federal Rule of Evidence 902(5).

Third, it is defendants' burden to "provide documentary evidence that allows the district court to conclude" that the prior action was dismissed because it was frivolous, malicious or failed to state a claim. <u>Andrews</u>, 398 F.3d at 1120.

> In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and thus qualifies as a strike. However, in many instances, the docket records will not reflect the basis for dismissal. In these instances, the defendants may not simply rest on the fact or dismissal.

<u>Id</u>. In this case, the docket entries recount that the dismissal was for failure to state a claim; presentation of this record satisfies the defendants' burden under <u>Andrews v. King</u>. Plaintiff has not borne his ultimate burden of showing that <u>Adams v. Marshall</u> is not a strike.

Plaintiff has provided records from some of his other cases, showing that some were dismissed for reasons other than that they were frivolous, malicious or failed to state a claim, and that some others still are proceeding. <u>See</u> Opp'n, Exs. A-F. Plaintiff has cited no authority suggesting that such a showing somehow rebuts the showing that he has suffered strikes.

B.  <u>Adams v. Rowland</u>, 91-cv-4090 RFP (N.D. Cal.)

Defendants have provided a copy of an order in the case of <u>Adams v. Rowland</u>, in which plaintiff sought damages for prison officials' negligence. The order notes that dismissal of a complaint is appropriate when "it is based on a meritless legal theory or is clearly lacking any factual basis" and when "a defense is complete and obvious from the face of the pleadings," and then dismisses the action. MTR, Ex. D at 18.[1] Plaintiff has provided no evidence showing this case should not count as a strike.

/////

/////

---

[1] Unless otherwise stated, the court cites to the pages assigned by its ECF system.

4

  C. Adams v. Community Credit Union, 04-cv-0211 DT (SGL) (C.D. Cal.)

    Defendants have provided an order summarily dismissing the complaint in Adams v. Community Credit Union, because it was directed "solely at the actions taken by the private defendants in this case in effectuating the repossession of his vehicle [and] those defendants are not subject to suit under Section 1983 as there is no state action involved." MTR, Ex. E at 26. If there is no state action, then there is no claim under section 1983. Fred Meyer, Inc. v. Casey, 67 F.3d 1412, 1414 (9th Cir. 1995).

III. Imminent Danger Of Serious Harm

    The "three strikes" provision of the Prison Litigation Reform Act does not bar a plaintiff from proceeding in forma pauperis in a civil rights action if he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g). A prisoner who "alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Andrews v. Cervantes, 493 F.3d 1047, 1057 (9th Cir. 2007).

    In the complaint, plaintiff alleges that in 2002 he was participating in an outpatient mental health program at Pelican Bay State Prison. Complaint (Compl.) at 8. Dr. Douglas diagnosed plaintiff with schizoaffective disorder and because of plaintiff's "chronic mental disorder," wrote a chrono recommending that plaintiff be housed in an institution near his family in southern California. Id. at 9. Plaintiff was transferred from Pelican Bay to Deuel Vocational Institution (DVI), but the defendants at DVI refused to order him transferred to southern California. Id. at 10. Plaintiff became agitated and was placed in the crisis bed unit at DVI. Id. at 11. He was eventually transferred to Wasco State Prison but then transferred again to Folsom State Prison, where the defendants again refused to transfer him. Id. at 17. Eventually, he was taken off his medication; he then refused to obey orders, which resulted in the issuance of a rules violation report. Id. at 19. In his opposition, plaintiff alleges there has been a continuing pattern of inadequate care for his mental condition, leading to a hospitalization for stress in April

2009, and argues in conclusory fashion that he could suffer physical injury in the future. Opp'n at 16. He fails to allege any physical harm, however, nor does he show that denial of the transfer and the discontinuation of medication put him in danger of any physical harm. He has failed to show he qualifies for the exception to the three strikes bar.

IT IS THEREFORE RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status be granted because he has suffered three strikes under the PLRA, and that plaintiff be directed to tender the entire $350.00 filing fee within thirty days of the date of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2009.

_____
U.S. MAGISTRATE JUDGE

2

adam1878.3k